UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERRENCE ALLEN JACKSON, | ) | CASE NO. 5:05 CV 1690 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| AULTMAN HOSPITAL, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

On June 29, 2005, plaintiff <u>pro se</u> Terrence Allen Jackson filed this action under 42 U.S.C. § 1983 against Aultman Hospital. In the complaint, plaintiff alleges that hospital personnel drew blood from him without his permission and allowed the sample to be used as evidence against him in his criminal trial. He seeks monetary damages and reversal of his conviction.

### *Background*

Mr. Jackson was arrested in the early morning hours of March 12, 2005 by the Ohio Highway Patrol and charged with driving under the influence of alcohol and aggravated vehicular assault.

He claims that although he was not injured, he was taken to Aultman Hospital in Canton, Ohio. A Highway Patrol Officer asked him to take a test to determine whether he was drunk and he refused. Mr. Jackson contends that the officer then went into the hallway and spoke to a nurse. When the nurse and the officer returned to the room, they informed Mr. Jackson that his blood would be withdrawn without his consent. Mr. Jackson asked to speak with his attorney but was unable to reach him at that hour. Mr. Jackson alleges that the officers and nurses held him down and withdrew blood in violation of his constitutional rights.

The results of the blood alcohol tests were turned over to the Stark County prosecutor for use as evidence at his trial. A Motion to Suppress was filed, but was apparently withdrawn against Mr. Jackson's wishes by Mr. Jackson's attorney. He indicates two Aultman Hospital nurses testified against him at trial and admitted they held him down and conducted the medical tests without Mr. Jackson's permission. He was convicted of aggravated vehicular assault in June 2005. Mr. Jackson is currently serving his sentence in the Lorain Correctional Institution.

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989);

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters,
(continued...)

Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Jackson objects to the prosecution's use of the results of his blood test to convict him of aggravated vehicular assault. He claims the state would not have had sufficient evidence to convict him if the blood tests were deemed inadmissible. Because success on the merits of this claim could call into question the validity of his conviction, he cannot proceed unless his conviction has already declared invalid by either an Ohio state court or a federal habeas corpus decision. There is no such suggestion in his complaint that the conviction was overturned. Consequently, his claims must be dismissed.

Furthermore, this court cannot grant Mr. Jackson's request for release from prison. A complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). For this purpose, his sole remedy is habeas corpus. Id.

*Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies,

---

(...continued)
753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.


Dated: August 17, 2005                                *s/    James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.